**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KATHLEEN VITA,<br><br>Plaintiff,<br><br>v.<br><br>BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS, INC. and BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS HMO BLUE, INC.,<br><br>Defendants. | Case No. 1:25-cv-10420-LTS |

**SUPPLEMENTAL REPLY MEMORANDUM IN SUPPORT OF BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS, INC. and BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS HMO BLUE, INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

## I. Plaintiff Fails to Allege an Actionable Interception of Her Health Information.

This Court has ruled that "a plaintiff must plead specific factual allegations about ***how their use of a defendant's website gave rise to their claim***," but, after three pleading attempts, the SAC still lacks this required substance to support a claim for relief. Op. at 5 n.6 (emphasis added) (requiring that a complaint must contain facts supporting the plausibility of disclosure of information to third parties). As Plaintiff acknowledges, the Court permitted Plaintiff leave to amend to "plead the facts necessary to describe her experience with sufficient specificity." Opp. at 3. The SAC fails to do so.

The SAC and Plaintiff's Opposition offer circumlocution rather than allegations of facts to plausibly state a claim. Although Plaintiff describes in those pleadings what an EOB is and what EOBs she reviewed, as before, Plaintiff fails "to allege the manner of the purported interception—here, *how* the contents of her EOBs purportedly were intercepted." Dkt. 28 at 3. Plaintiff does not allege *how* (or that) the contents of her EOBs were allegedly transmitted to any third parties, especially in light of contradictory allegations elsewhere in the SAC regarding collection of *only* surface-level URLs. Accordingly, Plaintiff fails to allege facts necessary to describe actionable interception with any, much less sufficient, specificity. *See* Dkt. 28 at 1-6.

Plaintiff's citation to *Doe v. Lawrence General Hospital* reinforces that the SAC fails to plead any actionable interception. In *Lawrence General*, the defendant's motion to dismiss was *granted* on a separate ground also advanced by BCBS-MA here: that "[t]he allegations of the Complaint fail to plausibly support an inference that LGH's purpose in deploying the web tracking tools was anything other than the usual reason why website operators use such tools: to help run their websites." No. 25-CV-10081-NMG, 2025 WL 2808055, at *17 (D. Mass. Aug. 29, 2025), report and recommendation adopted in part, rejected in part, No. CV 25-10081-NMG, 2025 WL

2807673 (D. Mass. Sept. 30, 2025); *see* Dkt. 13 at 1 ("This lawsuit seeks to challenge the use of ubiquitous website technology that Plaintiff acknowledges is designed to improve functionality, marketing efforts, and the user experience.").[1] In *Lawrence General*, Magistrate Judge Levenson explained that "allegations that web tracking tools were deployed within patient portals or billing portals . . . ***may*** implicate significantly greater privacy issues than tracking public web pages." *Lawrence General*, 2025 WL 2808055, at *8 (emphasis added). But that concern does not relieve Plaintiff of her burden to allege sufficient facts to plausibly state a claim for relief. Whether or not such claims survive a motion to dismiss will always depend, of course, on the sufficiency of the allegations—and here they remain deficient.

## II. Plaintiff's Surface-Level URL Allegations Effectively Foreclose Her Claims.

In her Opposition, Plaintiff argues that allegations regarding the transmission of surface-level URL data described in Paragraphs 107-110 of the SAC are sufficient to support her claims. Opp. at 4-5. Yet at most, the SAC alleges that Google DoubleClick collects URLs showing that a user views certain types of pages, such as "My Plan" or "My Claims," not the actual *contents* of those pages. Such allegations are insufficient to support a plausible interception. *See* Dkt. 18 at 4 (collecting cases distinguishing URLs like those here, which reflect mere navigation through a website, from URLs reflecting detailed search queries).

Plaintiff's cases cited in the Opposition all involved materially different allegations than those asserted here: in those cases, the URLs were alleged to contain medical search terms and information about appointments with specific medical providers. *See*, *e.g.*, *Vriezen v. Infinite*

[1] Plaintiff repeats arguments from prior briefing about her Massachusetts Right to Privacy Act ("MRPA") claim. Opp. at 2. Plaintiff's added allegations do nothing to revive that claim, which fails for the same reasons set forth in BCBS-MA's prior briefing: namely, that Plaintiff has not alleged sufficient facts to plausibly show any disclosure of her purported "communications . . . regarding EOBs." SAC ¶ 119; *see* Dkt. 13. at 13-14; Dkt. 18 at 5-6.

*Health Collaborative, P.A.*, No. 24-CV-3743 (NEB/DJF), 2025 WL 2992204, at *7 (D. Minn. Sept. 30, 2025) (involving URLs shown through screenshots to contain medical search terms and appointment information); *A.D. v. Aspen Dental Mgmt., Inc.*, No. 24 C 1404, 2024 WL 4119153, at *5 (N.D. Ill. Sept. 9, 2024) (involving URLs containing "search terms about medical conditions and types of treatments"); *Smith v. Loyola Univ. Med. Ctr.*, No. 23 CV 15828, 2024 WL 3338941, at *6 (N.D. Ill. July 9, 2024) (same). Those facts are nothing like the SAC's generic "My Plan" or "My Claims" descriptors. As with the deficient EOB allegations, the SAC fails to offer facts to show that any like information was present in the URLs allegedly shared with third parties.[2]

Even accepting Plaintiff's assertion that she cannot provide—even in a sealed pleading—the particular, intercepted communications on which her claims rely (Opp. at 3), the SAC fails to meet the pleading standard. After three pleading attempts, Plaintiff still fails to offer sufficient allegations, such as representative screenshots analogous to those in Paragraphs 107-110 of the SAC, showing transmission of the contents of EOBs or anything beyond circumlocution to suggest that an actionable interception occurred. *See* Dkt. 26 ("Op.") at 4 n.5 ("Whether Vita knew about the intercepting when she used the BCBS-MA website does not affect whether she can plead the facts necessary to describe her experience with sufficient specificity to satisfy the pleading standard."). The SAC therefore fails to address the Court's "core concern," Opp. at 6, that Plaintiff's pleading lacked sufficient detail regarding Plaintiff's use of the BCBS-MA website. Because a third amendment would be futile, the Court should dismiss the SAC with prejudice.

[2] Plaintiff's arguments regarding the crime-tort exception to the ECPA also fail for the reasons set forth in BCBSMA's prior Motion to Dismiss and Reply. *See* Dkt. 13 at 5-7; Dkt. 18 at 1-4. Plaintiff makes much of BCBS-MA's reliance on *McManus v. Tufts Med. Center, Inc.,* but here, just as in *McManus*, "because the [SAC] fails to plausibly allege that [BCBS-MA's] 'intent to commit a criminal or tortious act' was its 'primary motivation' or a 'determinative factor' in [any] decision to record health care consumers' communications, Plaintiff's ECPA claim fails." *McManus v. Tufts Med. Ctr.*, *Inc.*, No. 25-CV-10008-ADB, 2025 WL 2778025, at *4 (D. Mass. Sept. 29, 2025) (citation omitted).

Respectfully submitted,

Dated: December 12, 2025

*/s/ Daniel S. Savrin*

Daniel S. Savrin, Bar No. 555434
Wayne E. George, Bar No. 656286
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA 02110-1726
Telephone: +1.617.341.770
Facsimile: +1.617.341.7701
daniel.savrin@morganlewis.com
wayne.george@morganlewis.com

Ezra D. Church (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
2222 Market Street
Philadelphia, PA 19103
Telephone: +1.215.963.5000
Facsimile: +1.215.963.5001
ezra.church@morganlewis.com

*Attorneys for Blue Cross and Blue Shield of Massachusetts, Inc. and Blue Cross and Blue Shield of Massachusetts HMO Blue, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on December 12, 2025.

*/s/ Daniel S. Savrin*
Daniel S. Savrin