**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

KATHLEEN VITA,

Plaintiff,

v.

BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS, INC. and BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS HMO BLUE, INC.,

Defendants.

Case No.: 1:25-cv-10420-LTS

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants Blue Cross and Blue Shield of Massachusetts, Inc. and Blue Cross and Blue Shield of Massachusetts HMO Blue, Inc. (collectively "BCBSMA") submit this notice of supplemental authority to inform the Court of a recent decision that provides additional authority to assist the Court in resolving questions presented in BCBSMA's motion to dismiss. That decision is *Doe, et al. v. Emerson Hospital, Inc.*, No. 1:25-cv-13631-RGS, ECF No. 20 (D. Mass. Feb. 11, 2026) (attached as Exhibit A). In this recent decision, the Court (Stearns, D.J.) granted a motion to dismiss a complaint, analogous to the one brought in this action, that sought to state claims for violation of the Electronic Communications Privacy Act ("ECPA"), invasion of privacy per M.G.L. c. 214 § 1B, breach of fiduciary duty, breach of implied contract, unjust enrichment, and violation of M.G.L. c. 93A, based on alleged use of tracking technologies on a healthcare website.

The plaintiffs in Emerson Hospital did not oppose dismissal of the ECPA claim because of Judge Stearns' dismissal of a similar ECPA claim in *Goulart v. Cape Code Healthcare, Inc.*, 2025 WL 1745732, at *4 (D. Mass. June 24, 2025). BCBSMA filed a notice of supplemental authority regarding *Cape Cod Healthcare* on June 27, 2025. Dkt. 21 (attached as Exhibit B).

In dismissing the remaining claims, Judge Stearns held that the plaintiffs had failed "to plausibly allege sufficient factual support to withstand a motion to dismiss." *Emerson Hospital*, No. 1:25-cv-13631-RGS, ECF No. 20. Judge Stearns concluded that, "[a]t best, [the plaintiffs] assert[ed] vaguely that they used the website for 'a variety of medical conditions over the years,' including one to two exemplary conditions per plaintiff," which was "not enough to provide Emerson Hospital with adequate notice of the PHI it allegedly disclosed to third-party advertisers." *Id.* Judge Stearns also noted that the plaintiffs "fail[ed] to indicate *where*" their PHI was accessed, and the Court could not, "without more information, reasonably infer that plaintiffs' PHI was transmitted to third-party advertisers." *Id.*

Dated: February 18, 2026

*<u>/s/ Daniel S. Savrin</u>*
Daniel S. Savrin, Bar No. 555434
Wayne E. George, Bar No. 656286
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA 02110-1726
Telephone: +1.617.341.770
Facsimile: +1.617.341.7701
daniel.savrin@morganlewis.com
wayne.george@morganlewis.com

Ezra D. Church (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
2222 Market Street
Philadelphia, PA 19103
Telephone: +1.215.963.5000
Facsimile: +1.215.963.5001
ezra.church@morganlewis.com

*Attorneys for Blue Cross and Blue Shield of Massachusetts, Inc. and Blue Cross and Blue Shield of Massachusetts HMO Blue, Inc.*

## **CERTIFICATE OF SERVICE**

I, Daniel S. Savrin, hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on February 18, 2026.

*/s/ Daniel S. Savrin*
Daniel S. Savrin