**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

KATHLEEN VITA,

Plaintiff,

v.

BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS, INC. and BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS HMO BLUE, INC.,

Defendants.

Case No.: 1:25-cv-10420-LTS

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants Blue Cross and Blue Shield of Massachusetts, Inc. and Blue Cross and Blue Shield of Massachusetts HMO Blue, Inc. (collectively "BCBSMA") submit this notice of supplemental authority to inform the Court of two recent decisions that provide additional authority to assist the Court in resolving questions presented in BCBSMA's motion to dismiss. Those decisions are *Progin v. UMass Memorial Medical Center, Inc.*, No. 1:25-cv-40003-ADB, ECF No. 43 (D. Mass. Mar. 6, 2026) (attached as Exhibit A) and *Caine v. Sturdy Memorial Hospital, Inc.*, No. 1:25-cv-10261-ADB, ECF No. 25 (D. Mass. Mar. 10, 2026) (attached as Exhibit B).

In *Progin*, the Court (Burroughs, J.) granted a motion to dismiss a complaint, analogous to the one brought in this action, that sought to state claims for violation of the Electronic Communications Privacy Act ("ECPA"), invasion of privacy per M.G.L. c. 214 § 1B, breach of fiduciary duty, breach of implied contract, negligence, and unjust enrichment based on alleged use of tracking technologies on a healthcare website.

In granting the defendants' motion to dismiss, Judge Burroughs held that the plaintiffs "fail[ed] to assert that Defendants intercepted communications 'for the purpose of committing [a]

criminal or tortious act,'" as is required by the ECPA. *Progin v. UMass Memorial Medical Center, Inc.*, No. 1:25-cv-40003-ADB, ECF No. 43. Judge Burroughs concluded that:

> [a]lthough the allegations may support the inference that Defendants purposefully committed certain acts, such as the installation of the at-issue tracking tools or even the disclosure of certain forms of information to Facebook and Google, they do not support the inference that Defendants purposefully committed the "criminal and tortious acts" specified by Plaintiffs. "It is not enough that a crime or tort [may have been] a . . . side-effect of the interception." *Doe*, 2025 WL 2808055, at *11. Because the Amended Complaint fails to assert that Defendants intercepted communications "for the purpose of committing [a] criminal or tortious act," 18 U.S.C. § 2511(2)(d), the ECPA claim must fail.

*Id.* The Court declined to exercise supplemental jurisdiction over the remaining claims, all of which arose under state law. *Id.*

Similarly, in *Caine*, the Court (Burroughs, J.) granted a motion to dismiss a complaint, again analogous to the one brought in this action, that sought to state claims for violation of the ECPA, invasion of privacy per M.G.L. c. 214 § 1B & c. 111 § 70E, negligence, breach of implied contract, and breach of fiduciary duty based on alleged use of tracking technologies on a healthcare website.

In dismissing the plaintiff's claims, Judge Burroughs again held that the plaintiff did not plausibly allege that the crime-tort exception should apply. *Caine v. Sturdy Memorial Hospital, Inc.*, No. 1:25-cv-10261-ADB, ECF No. 25. Judge Burroughs concluded that "to state a claim under the ECPA's crime-tort exception, Caine must plead facts showing that Sturdy Memorial purposefully—not merely knowingly or negligently—committed criminal or tortious acts." *Id.* In addition, although the defendant "may have been on notice regarding privacy risks surrounding the collection of health data," these allegations alone were not enough to cause the Court to "draw the inference that the health care system purposefully intruded on its patients' seclusion or privacy." *Id.* The Court declined to exercise supplemental jurisdiction over the remaining claims, all of which arose under state law. *Id.*

BCBSMA respectfully requests that the Court consider the authorities noted herein when considering BCBSMA's pending motion to dismiss.[1]

Dated: March 19, 2026

/s/ *Daniel S. Savrin*

Daniel S. Savrin, Bar No. 555434
Wayne E. George, Bar No. 656286
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA 02110-1726
Telephone: +1.617.341.770
Facsimile: +1.617.341.7701
daniel.savrin@morganlewis.com
wayne.george@morganlewis.com

Ezra D. Church (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
2222 Market Street
Philadelphia, PA 19103
Telephone: +1.215.963.5000
Facsimile: +1.215.963.5001
ezra.church@morganlewis.com

*Attorneys for Blue Cross and Blue Shield of Massachusetts, Inc. and Blue Cross and Blue Shield of Massachusetts HMO Blue, Inc.*

[1] BCBSMA's counsel is in the process of coordinating with Plaintiff's counsel in order to provide a joint status report to the Court on or before March 23, 2026 in accordance with the Court's March 9, 2026 Electronic Order (Dkt. 32).

**CERTIFICATE OF SERVICE**

I, Daniel S. Savrin, hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on March 19, 2026.

*/s/ Daniel S. Savrin*
Daniel S. Savrin