**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KATHLEEN VITA,<br><br>For herself and the Class,<br><br>v.<br><br>BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS, INC. AND BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS HMO BLUE, INC.,<br><br>Defendant. | **Case No. 1:25-cv-10420-LTS** |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff submits this notice of supplemental authority to inform the Court of several recent cases that provide additional authority to assist the Court in resolving questions presented on BCBS-MA's motion to dismiss. These decisions reinforce that, notwithstanding several recent decisions in this District, the overall trend in authority affirms claims similar to those Plaintiff asserts here and rejects Defendants' arguments for dismissal.

(i) *Doe v. Baystate Health Sys.*, 2026 U.S. Dist. LEXIS 57677 (D. Mass. Mar. 19, 2026) (attached as Exhibit A). In *Baystate*, Judge Kobick denied a motion to dismiss an ECPA claim relating to the use of tracking technologies on a healthcare website, rejecting the arguments BCBS-MA makes here. As to the crime-tort exception, Judge Kobick held:

> Doe plausibly alleges that Baystate intentionally intercepted her communications on its website for the purpose of committing a tortious act in violation of M.G.L. c. 214, § 1B [the MRPA]. According to the amended complaint, Baystate, through its Privacy Policy, affirmatively misled Doe by promising that any "identifiable information" she submitted would "only be used to support [her] customer/patient relationship with" it and would be disclosed only if "required by law" or with "specific written consent." … Despite these assurances of privacy, Baystate allegedly transmitted her confidential information—including her Facebook ID and information about her patient status, her search for breast cancer screenings and providers, and her scheduling of a mammogram—to Meta and Google without her authorization.

*Id.* at *11-13. Judge Kobick reasoned that Baystate's violation of its own privacy policy supported both its MRPA claim and the crime-tort exception, as allegations—similar to those against BCBS-MA—that Baystate violated its own privacy policy supported the inference that Baystate intercepted communications for the purpose of committing a tortious act (violations of the MRPA). *Id.*

Judge Kobick also held that allegations of a financial motive are compatible with a purpose of committing a criminal or tortious act, *id.* at *13-14, and that "Baystate's alleged intent to intercept Doe's communications was, as alleged, independent of its plan to disclose those communications to third parties" in violation of the MRPA, *id.* at *14-16. Judge Kobick also found the plaintiff alleged the interception of "contents" of communications, rejecting the narrow construction of that ECPA element for which Baystate advocated (similar to BCBS-MA's argument here). *Id.* at *16-18.

Finally, Judge Kobick also affirmed Massachusetts state law claims based on factual allegations similar to those here (most significantly, Baystate's violation of its own privacy policy), including violation of the MRPA, breach of implied contract, and breach of fiduciary duty, rejecting arguments on each claim similar to those BCBS-MA makes here. *Id.* at *7-10, 18-24.

(ii) *Hannant v. Culbertson Mem'l Hosp. Found.*, 2026 U.S. Dist. LEXIS 57449 (C.D. Ill. Mar. 19, 2026) (attached as Exhibit B). *Hannant* found adequate allegations to support the ECPA's crime-tort exception where the plaintiff alleged the interception of communications of "her log in and use of [a] patient portal," "combined with identifying information" such as her IP address and Facebook identifiers. *Id.* at *14-15. The court also found that "[t]here is an independent criminal act," given that "the allegations identify two steps: (1) the capture of personal health information through trackers embedded in the hospital's website, and (2) the disclosure of this information to third parties." *Id.* at *19.

(iii) *McClain v. Cap. Vision Servs., LLC*, 2026 U.S. Dist. LEXIS 52341 (N.D. Ill. Mar. 13, 2026) (attached as Exhibit C). *McClain* observes and holds that "the weight of authority…nationwide holds that a disclosure that violates HIPAA is a violation of law that is independent of a violation of the ECPA," rejecting contrary authorities as "outlier[s]." *Id.* at *10. *McClain* also confirms that "a defendant's alleged

commercial or financial purpose does not render the ECPA's crime-tort exception inapplicable." *Id.* at *12.

(iv) *Theys v. Dental Intel., Inc.*, 2026 U.S. Dist. LEXIS 46654 (N.D. Ill. Mar. 6, 2026) (attached as Exhibit D). In *Theys*, the court held that the plaintiffs "have sufficiently alleged that Defendants transmitted their individually identifiable health information to third parties in violation of HIPAA such that the crime-tort exception may apply." *Id.* at *35.

(v) *In re Allstate & Arity Consumer Privacy Litig.*, 2026 U.S. Dist. LEXIS 43200 (N.D. Ill. Mar. 3, 2026) (attached as Exhibit E). *Allstate*, which involved cell phone app tracking technologies, confirmed that "a monetary motive does not foreclose the [ECPA's] crime/tort exception." The court was "particularly persuaded by the reasoning of" *Stein v. Edward-Elmust Health*, 2025 U.S. Dist. LEXIS 31273 (N.D. Ill. Feb. 21, 2025), regarding the proper construction of the ECPA's crime-tort exception, and that the disclosure of "intercepted information to third parties" for subsequent unlawful use can support the exception. *Id.* at *32-33.

(vi) *Rodriguez v. Google, LLC*, 2026 U.S. Dist. LEXIS 20412 (C.D. Cal. Jan. 30, 2026) (attached as Exhibit F). *Rodriguez* affirmed a jury verdict and class certification against Google for invasion of privacy arising from tracking technologies in cell phone apps intercepting a variety of different communications, confirming the core of the plaintiffs' factual theory supporting that tort was that Google "collect[ed] certain data *after it said it would not,*" *id.* at *4-5, 33, 37 (emphasis added). (Plaintiff's theory under the MRPA here is similar.)

(vii) *Krzyzek v. Open Techs., Inc.*, 2026 U.S. Dist. LEXIS 15195 (N.D. Cal. Jan. 27, 2026) (Exhibit G), and *Semien v. Pubmatic Inc.*, 2026 U.S. Dist. LEXIS 15196 (N.D. Cal. Jan. 27, 2026) (Exhibit H). *Krzyzek* and *Semien* (two decisions from the same judge) hold that "the association of Plaintiff's data with preexisting user profiles is a further use of Plaintiffs' data" that satisfies the crime-tort exception, and "[a]s numerous lower courts have found, being primarily motivated by profit does not render the crime-tort exception inapplicable." *Kryzek*, 2026 U.S. Dist. LEXIS 15195, at *21-22; *Semien*, 2026 U.S. Dist.

LEXIS 15196, at *27-28. This holding supports Plaintiffs' argument that the subsequent commercial exploitation of intercepted patient communications is a separate act that supports the crime-tort exception.

(viii) *Ramirez v. Lasikmd USA, Inc.*, 2026 U.S. Dist. LEXIS 14108 (S.D. Cal. Jan. 26, 2026) (attached as Exhibit I). In *Ramirez*, the court, in applying the crime-tort exception, held that "even where a defendant is arguably motivated by monetary gain, the tort or crime exception may apply" and that allegations that the defendant "intentionally transferred Plaintiff's confidential, personally identifiable health information" supported the exception. *Id.* at *7-8.

(ix) *Smith v. Rack Room Shoes*, 2026 U.S. Dist. LEXIS 13251 (N.D. Cal. Jan. 23, 2026) (attached as Exhibit J). In *Smith*, the court held that the plaintiff had "adequately alleged the applicability of the crime-tort exception" based on its tortious use of intercepted communications for "advertising and marketing efforts," providing an example of how the ECPA's crime-tort exception does not necessarily require proof of a HIPAA violation (*Smith* involved an online shoe store). *Id.* at *4-5.

In short, the growing weight of authority supports the claims Plaintiff asserts here. The cases BCBS-MA submits as supplemental authority do not suggest otherwise. In particular, Judge Burroughs in *Progin v. UMass Memorial Health Care, Inc.*, 2026 U.S. Dist. LEXIS 46522 at *12 (D. Mass. Mar. 6, 2026), rejected the argument that "Plaintiffs must allege that Defendants had a specific intent to commit a crime or tort, or to harm or injure Plaintiffs," and instead reiterated her endorsement of *Stein* (similar to the *Allstate* case Plaintiff now submits), holding that "[a] desire to commit a crime *qua* crime is not required." Although Judge Burroughs dismissed the ECPA claim without prejudice and with leave to amend because the plaintiffs had not adequately alleged the defendants had "purposefully disclosed Plaintiffs' individually identifiable health information" or "breached the confidentiality of their private communications," *id.* at *9, Plaintiffs have so alleged here. Judge Burroughs' decision in *Caine v. Sturdy Mem. Hosp.*, No. 25-cv-10261, Doc. No. 25 (D. Mass. Mar. 10, 2026), likewise rejects a construction of the ECPA requiring a "specific intent to commit a crime or tort" or "the intent to harm," and instead requires only that the

defendant "purposefully…committed criminal or tortious acts." *Id.* at 8-9. Although the court found the plaintiff's allegations "too thin" to support the required inference (while granting leave to amend), here, Plaintiff alleges in the operative complaint factual allegations to support the inference that BCBS-MA intercepted communications for the purpose of committing criminal and tortious acts.

Dated: March 24, 2026

Respectfully submitted,

*/s/ Patrick J. Vallely*

SHAPIRO HABER & URMY LLP
Edward F. Haber (BBO #215620)
Michelle H. Blauner (BBO #549049)
Patrick J. Vallely (BBO #663866)
One Boston Place
Suite 2600
Boston, MA 02108
(617) 439-3939 – Telephone
(617) 439-0134 – Facsimile
ehaber@shulaw.com
mblauner@shulaw.com
pvallely@shulaw.com

***Counsel for Plaintiff***

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading was filed electronically through the Court's electronic filing system and that notice of this filing will be sent to all counsel of record in this matter by operation of the Court's ECF system.

Dated: March 24, 2026

*/s/ Patrick J. Vallely*
Patrick J. Vallely